## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| HARVEY DUPEY,<br>MATTHEW BOSWELL,<br>MICHAEL FLAVIN, and<br>BRADLEY DESCHAMPE, | Civil No. 12-1075 (RHK/TNL) |
| Plaintiffs, | |
| v. | **REPORT AND**<br>**RECOMMENDATION** |
| MCF-STILLWATER, | |
| Defendant. | |

This case is before the undersigned United States Magistrate Judge on the applications to proceed in forma pauperis (IFP), that have been filed by three of the above-named Plaintiffs. (Docket Nos. 2, 3 and 5.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiffs' IFP applications be denied, and that this action be dismissed without prejudice.

This action was commenced by four inmates at the Minnesota Correctional Facility at Stillwater, Minnesota. Plaintiffs claim that their federal constitutional rights have been violated because they have not been receiving their "daily allotted fruit intake." Plaintiffs did not pay any filing fee for this action, but two of the Plaintiffs, Harvey Dupey and Michael Flavin, submitted IFP applications with the complaint. The Court previously reviewed those initial IFP applications, and noted that Plaintiffs could not be granted IFP status unless (a)

each of the four named Plaintiffs filed his own individual IFP application, and (b) each of the four named Plaintiffs paid an initial partial filing fee in accordance with 28 U.S.C. § 1915(b)(1).  These requirements were called to Plaintiffs' attention by the Court's order dated May 8, 2012.  (Docket No. 4.)  That order gave Plaintiffs twenty (20) days to either (a) pay the full $350 filing fee, or (b) cause IFP applications to be filed, and the § 1915(b)(1) initial partial filing fee to be paid, for all four of the named Plaintiffs.  The order expressly advised Plaintiffs that their case would be subject to summary dismissal if they did not fully comply with all of the requirements of the order in a timely manner.

The deadline for complying with the Court's prior order has now expired, and the filing fee for this case still has not been paid.  Furthermore, one of the named Plaintiffs, Matthew Boswell, still has not submitted an IFP application, and none of the named Plaintiffs has paid any initial partial filing fee.  The Court finds that Plaintiffs have failed to comply with the prior order in a timely manner, and they have offered no excuse for their failure to do so.  Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiffs failed to comply with the requirements of the prior order, it is now recommended that Plaintiffs be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice for failure to prosecute.  See Fed. R. Civ. P. 41(b) (an action may be dismissed for failure to comply with a court order).  See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590

(unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[1]

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiffs' pending applications for leave to proceed in forma pauperis (Docket Nos. 2, 3 and 5) be **DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 21, 2012

_____s/ Tony N. Leung_____
TONY N. LEUNG
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and

---

[1]  As noted in the Court's prior order, if Plaintiffs had continued to prosecute this case, it undoubtedly would have been dismissed during the § 1915A initial screening process, because the named Defendant, "MCF-Stillwater" is not a legal entity that has the capacity to be sued. (See Order dated May 8, 2012, [Docket No. 4], p. 5, n. 4.)

Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **July 6, 2012**.                                    .